955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael WARD, Plaintiff-Appellant,
v.
Thomas MINICK; Erwin Henes, Defendants-Appellees.
 No. 91-1941.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 
 1
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI, District Judge.*
 
 ORDER
 
 2
 Michael Charles Ward, a pro se Michigan prisoner, moves for the appointment of counsel in his appeal from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ward brought suit against the Sheriff and Deputy Sheriff of Washtenaw County, Michigan, challenging the constitutionality of his transfer from state to federal custody in May of 1991. Ward was arrested in Washtenaw County, Michigan, on March 21, 1979, for violation of state drug laws. In June of 1979, he was turned over to federal authorities to be tried for the violation of federal drug laws. He was found guilty and sentenced in federal court on August 15, 1980. Ward was then returned to Michigan where he was found guilty of the state charge on April 7, 1981, and sentenced on May 8, 1991. On May 12, 1981, Ward was surrendered to U.S. authorities pursuant to a partially executed writ of judgment for execution of the federal sentence. On September 9, 1987, while a federal prisoner, Ward filed suit. It is noted that he is presently a state prisoner under the authority of the Michigan Department of Corrections.
 
 
 4
 The case was submitted to a magistrate judge who recommended that defendants' motion for summary judgment be granted and Ward's complaint be dismissed. The district court adopted the report and recommendation and granted defendants' motion for summary judgment. Ward appeals from that judgment and seeks the appointment of counsel. In the district court, Ward argued that his due process rights were violated by his transfer from state to federal custody and that the transfer: 1) denied him access to the courts and effective assistance of counsel; 2) deprived him of beneficial prison programs; 3) resulted in a loss of earnings on the P.M. Federal Prison Industries shift; and 4) caused him to suffer mental and physical anxiety and anguish.
 
 
 5
 On appeal, Ward reasserts that he was denied due process and makes several related arguments challenging the propriety of his transfer from state to federal custody. He also contends that the district court abused its discretion by disallowing additional discovery. He does not, however, argue that he was denied access to the courts, effective assistance of counsel, beneficial prison programs, night shift wages or, that he suffered physical anxiety and anguish. These issues are not therefore reviewable on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon de novo review, we find no error. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990).
 
 
 7
 Ward was not denied due process of law by his transfer on May 12, 1981, from state to federal custody. "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction ... may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-5 (9th Cir.1980). Therefore, Michigan did not deny due process to Ward when it released him to federal authorities.
 
 
 8
 Ward's argument that a violation of Michigan's extradition statute violated his federal due process rights is meritless. Violations of state law do not give rise to a claim under 42 U.S.C. § 1983 when the state statute demands purely discretionary duties. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).
 
 
 9
 The district court did not err in limiting discovery. A trial court is given wide discretion in balancing the discovery needs and rights of both plaintiff and defendant. See Ghandi v. Police Dep't of Detroit, 747 F.2d 338, 354 (6th Cir.1984), appeal after remand, 823 F.2d 959 (1987), cert. denied, 484 U.S. 1042 (1988). Ward complains of not being allowed to take defendants' depositions to amend his complaint after having been served with defendants' summary judgment motion. He has no right to discovery in order to oppose a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989).
 
 
 10
 Accordingly, Ward's motion for the appointment of counsel is hereby denied and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation